### TEXAS & P. RY. CO. v. GIST.
### No. 2713.

Court of Civil Appeals of Texas. El Paso. Sept. 29, 1932.

Rehearing Denied Oct. 20, 1932.

Howard & Jackson, of El Paso, for appellant.

Paul Moss, of Odessa, for appellee.

WALTHALL, J.

This case presents an interstate shipment of cattle. The record shows that on November 26, 1930, through his agent, appellee John M. Gist made a shipment of cattle from Belton, Mo., over the St. Louis & San Francisco Railway and the Texas & Pacific Railway to Midland, Tex. Included in the shipment was one registered bull which, for some unexplained reason, did not reach its destination and for the value of which this suit is brought. The value of the bull is alleged to be $350.

The suit was not brought on a shipment contract but on the carrier's common-law liability, that is, that the railway company "did not safely carry and so deliver" the one bull, "but in utter disregard of their duty in this respect failed, neglected and refused to safely carry and deliver one of said bulls known and named Stanberry 2nd, of the value of $350.00, to plaintiff's damage," etc.

The appellant answered by a general denial.

On special issues submitted the jury found, in substance, that appellee, through its agent, delivered to the carrier the animal named to be transported as alleged; that the carriers accepted said bull to be transported safely as alleged; that the bull was not transported and delivered to appellee at Midland, Tex.; the market value of the bull at Midland, Tex., was $350.

Appellant tendered into court $75 in full settlement of the amount of the damages sustained on its failure to deliver the animal at Midland, which amount appellee refused to accept.

Appellant made the contention in the trial court, and makes the same here, that the shipment was made on a written shipment contract in which the shipper declared said bull to be "ordinary live stock" and thereby secured a lower rate on the shipment, and classed said bull as ordinary live stock under the rules, rates, and regulations on file with the Interstate Commerce Commission, and that under said declared classification the sum of $75 is the maximum amount that the carriers are allowed and required to pay as damages for the loss of said bull.

Appellant submits several propositions in support of its contention against a greater liability than the amount tendered into court, and the failure of the trial court to limit its liability to the amount tendered.

Appellant did not plead an agreement in writing which by its terms or legal effect exempted it from its common-law liability. It pleaded the general denial only. To claim such defense it must plead such contract as it insists was made, otherwise there would be no issue to which such contract would tend to prove or disprove. On August 9, 1916, a proviso was added to the Amendment of March 4, 1915, to the Hepburn Act (49 USCA § 20) regulating interstate commerce, which proviso gave to the carrier the right, in case rates were based on value, to limit its liability on certain things, which included the shipment involved here, by securing from the shipper an agreement in writing fixing or releasing the full value of the animal shipped

by declaring the shipment to be "ordinary live stock" and paying a lower freight rate. The provision was enacted solely for the benefit of the carrier. The burden is undoubtedly upon the carrier to bring itself within its terms, and which it can do only by pleading such agreement. While the shipper is charged with knowledge of the provisions of the filed schedule rates, the law does not place upon him the duty to take the initiative. He is not required to plead and prove his cause of action and at the same time to plead or prove the defensive matters. The general rule is that the carrier is liable for the full value of the animal under the circumstances shown, and the exception to the rule is found in the said amendment of August 9, 1916, which provides that full value may be avoided by securing from the shipper a release in writing limiting its liability in case of loss to a stipulated amount by classing the shipment as "ordinary live stock" in consideration of a lower rate.

While the trial court submitted to the jury the question as to whether the shipment in question was under a special contract, and whether the animal was shipped as "ordinary live stock," and the jury found against appellant on each of such issues, appellant insists that having exhibited in court on the trial such contract, and having tendered the maximum amount to be allowed under such contract and regulations, the court should have instructed a verdict in its favor.

Without discussing the probative force of the evidence on the said issues, we hold that the contract for the shipment and the classification of the animal as "ordinary live stock" not having been pleaded by appellant, no issue was before the court which required or justified the admission of evidence on such issues or the submission of such issues, or peremptory instruction in appellant's favor.

Other questions are presented which are of a kindred nature to that discussed. They do not present error and are overruled.

Finding no reversible error, the case is affirmed.